# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT LEE QUACKENBUSH,<br><br>          Plaintiff,<br><br>     v.<br><br>JANET TENNISON, et al.,<br><br>          Defendants.<br>_____/ | CASE NO. 1:04-CV-6756-AWI-SMS-P<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO STATE ANY CLAIMS AND FOR FAILURE TO EXHAUST 2005 RETALIATION CLAIM<br><br>(Doc. 9) |

I.   Findings and Recommendations Following Screening of Amended Complaint

   A.   Screening Requirement

Plaintiff Robert Lee Quackenbush ("plaintiff") is a former state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on December 27, 2004. On March 17, 2005, the court dismissed plaintiff's complaint, with leave to amend, for failure to state any claims upon which relief may be granted. Plaintiff filed an amended complaint on April 20, 2005.

   The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

///

dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

  B. Summary of Plaintiff's Amended Complaint

The events at issue in the instant action allegedly occurred at the Sierra Conservation Center in Jamestown, where plaintiff was incarcerated at the time. Plaintiff names institutional appeals coordinator Janet Tennison, Warden Matthew C. Kramer, Correctional Counselor Brown, and Assistant Warden I. Clay as defendants. Plaintiff is seeking money damages.

  C. Plaintiff's Claims

    1. Medical Care Claim

In his amended complaint, plaintiff alleges that he has had two heart attacks, one of which occurred while he was in the custody of the California Department of Corrections. Plaintiff alleges that Dr. Louis Iannone prescribed nitroglycerin, aspirin, Paxil, Rimeron, thorazine, and Lipitor for his medical problems. Plaintiff alleges that he was not getting his medication and suffering from angina and anxiety as a result, which placed his health in jeopardy. Plaintiff alleges that after being informed by a medical technical assistant that the medication had not been ordered and could not be provided, he filed an inmate appeal on June 18, 2004, to inform the prescribing physician that he was not getting his medication. Plaintiff alleges that defendant Tennison returned his appeal and requested to know if plaintiff was seeking medication and if so, which medication. (Exhibit 1, p. 2.)

Plaintiff filed a second appeal after Chen, a medical technical assistant, threatened to write plaintiff up for being late to pill line on June 22, 2004, which plaintiff perceived to be in retaliation for plaintiff seeking his medication and appealing the issue. Defendant Tennison returned the appeal, stating that plaintiff was appealing multiple issues. (Exhibit 1, p. 4.)

Plaintiff alleges that on June 25, 2004, he noticed blood coming from his right ear and sought medical attention. Plaintiff alleges that staff members were aware of the blood coming from his ear and that due to the medication he was taking for his mental health problems, he was not supposed to stand in the hot sun, but made him stand in the sun in retaliation for the inmate appeals he had filed. Plaintiff filed an inmate appeal grieving the incident. Plaintiff alleges that the appeal was returned by defendant Tennison with instructions to revise the appeal to include the date of the occurrence and notification that plaintiff may request an investigation but may not request specific penalties. (Exhibit 1, p. 6.) Plaintiff alleges that he resubmitted the appeal but it has never been returned and has apparently been "lost."

Plaintiff alleges that after receiving an appeal he had submitted while at Wasco State Prison, defendant Tennison returned the appeal, stating that the fifteen day time limit had expired and warning plaintiff about the possible issuance of a rules violation report and imposition of an appeal restriction due to the number of appeals filed by plaintiff.

Plaintiff alleges that by refusing to forward and/or process his appeals, defendant Tennison denied him necessary medical treatment, in violation of his rights under the Eighth Amendment.

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 834 (1994). Deliberate indifference may

3

be manifested "when prison officials deny, delay or intentionally interfere with medical treatment," or in the manner "in which prison physicians provide medical care." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. McGuckin, 974 F.2d at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

Plaintiff's allegations do not give rise to a claim for relief against defendant Tennison for acting with deliberate indifference to his serious medical needs, in violation of the Eighth Amendment. "Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)). The court has reviewed plaintiff's allegations, plaintiff's inmate appeals, and defendant Tennison's responses to plaintiff's inmate appeals. Neither plaintiff's factual allegations nor plaintiff's exhibits support the claim that defendant Tennison, in responding to plaintiff's appeals in the manner that she did, "[knew] of and disregard[ed] an excessive risk to [plaintiff's] health . . . " Farmer, 511 U.S. at 837. Accordingly, the court recommends that plaintiff's Eighth Amendment claim against defendant Tennison be dismissed, with prejudice.

### 2. First Amendment Retaliation Claims

#### a. Appeal of Law Library Incident

Plaintiff alleges that non-party Ward, the institutional library manager, knew plaintiff had court deadlines, but had officers bar plaintiff from accessing the law library and refused to honor the library pass he himself had authored. Plaintiff filed an inmate appeal grieving Ward's actions on January 22, 2005, but the appeal was returned by defendant Tennison with a notice, dated February 11, 2005, that she was charging him with abuse of the appeals process. (Exhibit 2, p. 1 & 5.)

Plaintiff alleges that defendant Tennison acted in retaliation against plaintiff for exercising his right to use the inmate appeals process.

Plaintiff may not pursue this claim in this action. As plaintiff is aware, pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The section 1997e(a) exhaustion requirement applies to all prisoner suits relating to prison life. Porter v. Nussle, 435 U.S. 516, 532 (2002).

Plaintiff filed this action on December 27, 2004, and defendant Tennison allegedly retaliated against plaintiff in February of 2005 for filing an appeal against defendant Ward on January 22, 2005. Exhaustion must occur *prior* to filing suit. McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Because this suit was filed before the incident involving Ward and defendant Tennison occurred, exhaustion prior to filing suit could not have occurred and plaintiff may not pursue his retaliation claim against defendant Tennison in this action. The court recommends that the claim be dismissed, without prejudice, on the ground that it was not exhausted prior to filing suit.

                        b.        Appeal of Medical Issues

In the body of his Eighth Amendment medical claim, plaintiff alleges that defendant Tennison's "threat" regarding abuse of the appeals process was an "attempt to coerce a rules violation in retaliation for filing a grievance . . . ." (Amend. Comp., 10:16-17.) To the extent that plaintiff is attempting to state a retaliation claim against defendant Tennison based on her warning that plaintiff might be issued a rules violation and/or be placed on appeals restriction for abusing the process, plaintiff fails to state a claim.

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled

5

the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005). A threat such as that alleged in the complaint by plaintiff is insufficient to support a claim that defendant took action against plaintiff that was sufficiently adverse to give rise to a retaliation claim. Accordingly, the court recommends that plaintiff's retaliation claim against defendant Tennison stemming from her warning to plaintiff be dismissed, with prejudice.

                3.     Due Process Claim

Plaintiff alleges that he has a right to file grievances and have them reviewed through the Director's Level of appeal, and that his due process rights were violated when defendant Tennison screened out his appeals. Plaintiff was previously informed by this court that his allegations concerning the handling of his appeals do not give rise to a claim for relief for violation of the Due Process Clause.

The Due Process Clause protects prisoners from being deprived of liberty without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to state a cause of action for deprivation of due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. "States may under certain circumstances create liberty interests which are protected by the Due Process Clause." Sandin v. Conner, 515 U.S. 472, 483-84 (1995). Liberty interests created by state law are generally limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin, 515 U.S. at 484.

"[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." Azeez v. DeRobertis, 568 F. Supp. at 10; Spencer v. Moore, 638 F.

Supp. 315, 316 (E.D. Mo. 1986). Actions in reviewing prisoner's administrative appeal cannot serve as the basis for liability under a § 1983 action. <u>Buckley</u>, 997 F.2d at 495.

Despite plaintiff's assertion to the contrary, plaintiff does not have a protected due process interest in the appeals process, and the failure of defendant Tennison to process his appeals does not violation the Due Process Clause. The court recommend that this claim be dismissed, with prejudice.

### 4. Access to the Courts Claim

Plaintiff alleges that he has a right to access the courts and that by refusing to process his appeals and allow him to exhaust, defendant Tennison denied him access to the courts. As plaintiff was previously informed, plaintiff's allegations concerning his unprocessed appeal and the exhaustion requirement do not give rise to a cognizable access the courts claim at this time.

Inmates have a fundamental constitutional right of access to the courts. <u>Lewis v. Casey</u>, 518 U.S. 343, 346 (1996). The right of access is merely the right to bring to court a grievance the inmate wishes to present, and is limited to direct criminal appeals, habeas petitions, and civil rights actions. <u>Id</u>. at 354. The State is not required to enable the inmate to discover grievances or to litigate effectively once in court. <u>Id</u>. An inmate claiming interference with or denial of access to the courts must show that he suffered an actual injury. <u>Id</u>. at 351.

With respect to the mandatory exhaustion requirement set forth in 42 U.S.C. § 1997e(a), interference with plaintiff's attempts to exhaust via the appeals process would give rise to a cognizable access to the courts claim only if and when plaintiff suffered an actual injury by having his claim or action dismissed for failure to exhaust. Until such an injury actually occurs, it is pure speculation on plaintiff's part that his inability to exhaust will result in the loss of his claim or action. <u>See</u> <u>e.g.</u>, <u>Ngo v. Woodford</u>, 403 F.3d 620, 631 (9th Cir. 2005) (exhaustion occurred when appeals coordinator exercised discretion to screen out appeal as untimely and no further process remained available to the inmate); <u>Mitchell v. Horn</u>, 318 F.3d 523, 529 (3d Cir. 2003) (recognizing that a remedy prison officials prevent a prisoner from utilizing is not an available remedy); <u>Miller v. Norris</u>, 247 F.3d 736, 740 (8th Cir. 2001) (a remedy prison officials prevent a prisoner from utilizing is not an available remedy). Accordingly, plaintiff's allegations concerning his attempts to utilize

the inmate appeals process does not give rise to a claim for relief under section 1983 for denial of access to the courts. The court recommends that this claim be dismissed, with prejudice.

### 5. Supervisory Liability Claim

Under section 1983, liability may not be imposed on supervisory personnel for the actions of their employees under a theory of respondeat superior. When the named defendant holds a supervisorial position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To state a claim for relief under section 1983 for supervisory liability, plaintiff must allege some facts indicating that the defendant either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

Plaintiff alleges that he is not asserting a claim against defendants Kramer, Clay, and Brown under a theory of respondeat superior, but is seeking to impose liability based on their ratification of longstanding policies, practices, and customs that led to the violation of his rights by defendant Tennison. Plaintiff's conclusory allegations is insufficient to support a claim against defendants Kramer, Clay, and Brown under section 1983. In addition, as set forth in this Findings and Recommendations, plaintiff fails to state any claims upon which relief may be granted under section 1983 against defendant Tennison. Thus, even if plaintiff had alleged facts sufficient to link actions or omissions of defendants Kramer, Clay, and Brown to the conduct of defendant Tennison, there is no basis upon which to impose liability on defendants Kramer, Clay, and Brown under section 1983 via a theory of supervisory liability. The court recommends that this claim be dismissed, with prejudice.

### D. Conclusion

The court finds that plaintiff's amended complaint fails to state any claims upon which relief may be granted against defendant Tennison for acting with deliberate indifference to plaintiff's

serious medical needs, for retaliation, for denial of due process, and for denial of access to the courts; or against defendants Kramer, Clay, and Brown under a theory of supervisory liability. Further, the court finds that plaintiff's 2005 claim against defendant Tennison for retaliation must be dismissed because the claim accrued after suit was filed, making exhaustion of the claim prior to filing suit an impossibility. Plaintiff was previously notified of the deficiencies in his claims but failed to cure them. Accordingly, it is HEREBY RECOMMENDED that this action be dismissed in its entirety as follows:

1. Plaintiff's Eighth Amendment medical care claim against defendant Tennison be dismissed, with prejudice, for failure to state a claim upon which relief may be granted;

2. Plaintiff's retaliation claim against defendant Tennison based on the 2005 inmate appeal and response thereto be dismissed, without prejudice, for failure to exhaust prior to filing suit;

3. Plaintiff's retaliation claim against defendant Tennison based on the 2004 appeal and response thereto be dismissed, with prejudice, for failure to state a claim upon which relief may be granted;

4. Plaintiff's due process claim against defendant Tennison be dismissed, with prejudice, for failure to state a claim upon which relief may be granted;

5. Plaintiff's access to the courts claim against defendant Tennison be dismissed, with prejudice, for failure to state a claim upon which relief may be granted; and

6. Plaintiff's supervisory liability claim against defendants Kramer, Clay, and Brown be dismissed, with prejudice, for failure to state a claim upon which relief may be granted.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the

specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   November 9, 2005**            /s/ Sandra M. Snyder
icido3                                  UNITED STATES MAGISTRATE JUDGE